UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY GORDON WHITE,<br><br>   Plaintiff,<br><br>  v.<br><br>AMERICA WEST LENDER SERVICES LLC, et al.,<br><br>   Defendants. | Case No. 24-cv-07059-WHO<br><br>**ORDER GRANTING MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 21, 22, 24 |

Plaintiff Timothy White ("Mr. White") brings this lawsuit pro se against five mortgage servicing companies and banks following a home foreclosure. But he never alleges that he took title to the real property that was foreclosed upon nor that he had any agreements with any defendant. Defendants JP Morgan Chase Bank ("Chase Bank"), Mortgage Electronic Registration Systems Inc. ("MERS"), Nationstar Mortgage LLC ("Nationstar"), Federal National Mortgage Association ("Fannie Mae"), and America West Lender Services, LLC ("AWLS") (together, "defendants") have moved to dismiss Mr. White's Second Amended Complaint. ("SAC") [Dkt. No. 20]. For the following reasons, the motions to dismiss are GRANTED.[1]

**BACKGROUND**

*Factual History*[2]

---

[1] Defendants Chase Bank and MERS alternatively moved for a more definitive statement. That motion is DENIED as moot.

[2] Some of these facts are drawn from the SAC and others are drawn from defendants' seven exhibits filed along with their requests for judicial notice. *See* Request for Judicial Notice 1 ("RJN 1") Dkt. No. 23; and Request for Judicial Notice 2 ("RJN 2") Dkt. No. 25. These documents consist of publicly recorded documents related to the loan and deed of trust at issue in this case, and concern the chain of title of the deed during the relevant period. Because these documents are critical to defendants' Federal Rule of Civil Procedure 12(b)(1) challenge addressed below, I GRANT judicial notice of the documents. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) ("With a factual Rule 12(b)(1) attack . . . a court may look beyond the complaint to matters of

On July 6, 2004, nonparty Gordon W. White (Mr. White's father) died, intestate. SAC ¶¶ 19, 118. Prior to his death, Gordon White obtained a home loan for $90,000 secured by a property located at 3063 Simas Avenue in Pinole, California located in Contra Costa County ("the property") through a deed of trust. SAC ¶¶ 7–8, 11–12. At the time of Gordon White's death, non-party New Century Title Company was the trustee on the deed and MERS was the beneficiary. SAC ¶ 8. Over the next twenty years, the interested party of the deed changed several times. On November 2, 2013, MERS assigned its interest under the deed of trust to Chase Bank. SAC ¶ 56. Then, on February 22, 2023, Chase Bank assigned its interest to Nationstar. SAC ¶ 68; RJN 1, Ex. 3. Finally, Nationstar substituted AWLS as trustee on April 4, 2024. SAC ¶ 79; RJN 1, Ex. 4. Because the loan was in default at that time, AWLS elected to sell the property secured by the loan. SAC ¶ 91; RJN 1, Exh. 5. The nonjudicial foreclosure took place on September 24, 2024. SAC ¶ 93; RJN 1, Exh. 6.

Meanwhile, after Gordon White's death, his estate entered probate and Mr. White received Letters of Administration. SAC ¶ 22. Probate closed on May 16, 2006, with the home valued at $450,000. SAC ¶ 30. At that time, Mr. White began the process to try to assume the loan. In August 2006, Mr. White contacted Chase Bank's Assumptions Department.[3] SAC ¶ 32. He alleges that he completed the required paperwork, and faxed it to Chase Bank's Assumptions Department ("the Assumptions Department") that same month. SAC ¶ 34. After several weeks, Mr. White contacted the Assumptions Department, and was told that he must fax the paperwork again. SAC ¶ 36. He did so. *Id.* After two weeks, Mr. White called the Assumptions Department again and was told that "the Deed was not sent." SAC ¶ 37. Even after further communications

---

public record without having to convert the motion into one for summary judgment.").

[3] Mr. White alleges that he reached out to Chase Bank prior to its assumption of the loan in 2013. RJN 1, Exh. 2. He explains that Chase Home Finance was a subservicer for the loan dating back to October 2004. SAC ¶ 23.

on his end, Mr. White never received any additional information from the Assumptions Department concerning his request to assume the loan. SAC ¶¶ 40–41. At several points between 2006 and 2008, Mr. White received property tax and insurance documents related to the property that were in his name. SAC ¶¶ 42, 43, 45. He also received at least two "escrow surplus checks" from Chase made payable to the Estate of Gordon W. White. SAC ¶¶ 44, 46. In 2008, Mr. White again contacted Chase in an effort to assume the loan. SAC ¶¶ 48–49. Mr. White does not allege that he ever assumed the loan.

Despite his failure to allege whether he assumed the loan, Mr. White does allege that he made payments on it until August 2022. SAC ¶ 65. At that time, he contends that the principal balance on the loan was $37,073. *Id.* Following the foreclosure sale on September 24, 2024, Mr. White did not receive any surplus funds resulting from the sale, which he asserts totaled $489,552. SAC ¶ 104.

*Procedural History*

Mr. White first filed a complaint against defendants after the foreclosure sale, on October 8, 2024. Dkt. No. 1. Defendants filed a Motion to Dismiss that complaint, to which Mr. White did not timely reply. Dkt. Nos. 7, 8. Following an Order to Show Cause, Mr. White responded to the motion and filed an amended complaint in an apparent attempt to address concerns presented by the motion. Dkt. Nos. 14, 17. I held a hearing on the motion, construing the complaint and the amended complaint together. At that hearing, I explained to Mr. White the correct manner in which he should file any second amended complaint, and dismissed his original complaints. *See* Minute Entry for January 22, 2025 Hearing [Dkt. No. 18].

Mr. White filed a second amended complaint on February 25, 2025. Dkt. No. 19. On the same day, he filed a Corrected Second Amended Complaint, which I construe to be the operative complaint here. [Dkt. No. 20]. The SAC alleges eight causes of action: (1) Wrongful Foreclosure; (2) Breach of Contract; (3) Violation of the Fair Debt Collection Practices Act

(FDCPA); (4) Violation of the Rosenthal Fair Debt Collection Practices Act; (5) Emotional Distress; (6) Misrepresentation or Deceptive Practices; (7) Slander of Title; and (8) Conversion.[4] SAC ¶¶ 105–180.

On March 11, 2025, Chase Bank and MERS filed a Motion to Dismiss the SAC ("MTD 1") [Dkt. No. 21]. That same day, Nationstar and Fannie Mae filed a separate Motion to Dismiss the SAC ("MTD 2") [Dkt. No. 22]. Finally, on March 17, 2025, AWLS filed a third, separate, Motion to Dismiss the SAC ("MTD 3") [Dkt. No. 24]. Mr. White again failed to respond to any of the motions. In response, Chase Bank, MERS, Nationstar, and Fannie Mae filed notices of non-opposition. *See* Dkt. Nos. 28, 29.

I held a hearing to address the motions on April 22, 2025. Mr. White failed to appear. For the reasons explained below, the SAC is dismissed.

**LEGAL STANDARD**

**I. Rule 12(b)(1)**

A motion to dismiss filed pursuant to Rule 12(b)(1) is a challenge to the court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994). The party invoking the jurisdiction of the federal court bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *Id.*

A challenge pursuant to Rule 12(b)(1) may be facial or factual. *See Safe Air Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the jurisdictional challenge is confined to the allegations pled in the complaint. *See Wolfe v. Strankman*, 392 F.3d

---

[4] The motions at issue here appear to, in part, respond to the originally filed Second Amended Complaint and include reference to two additional causes of action that are not included in the operative SAC. *See* Dkt. Nos. 19, 21 at 20–22, 24 at 4–5. I do not address defendants' arguments concerning those causes of action in this Order.

4

358, 362 (9th Cir. 2004). The challenger asserts that the allegations in the complaint are insufficient "on their face" to invoke federal jurisdiction. *See Safe Air*, 373 F.3d at 1039. To resolve this challenge, the court assumes that the allegations in the complaint are true and draws all reasonable inference in favor of the party opposing dismissal. *See Wolfe*, 392 F.3d at 362.

"By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039. To resolve this challenge, the court "need not presume the truthfulness of the plaintiff's allegations." *Id.* (citation omitted). Instead, the court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* (citations omitted). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id.* (quoting *Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003)).

## II. Rule 8

Pursuant to Federal Rule of Civil Procedure 8, for a plaintiff to adequately state a claim for relief, a complaint must include: "(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). Further, "[e]ach allegation must be simple, concise, and direct." *Id.* at 8(d). "To comply with Rule 8 [a] plaintiff must plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000). The statement must be written in such a way "that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). In the event of a complaint "which is so vague or ambiguous

5

that [a] party cannot reasonably prepare a response," a court may order a more definite statement. Fed. R. Civ. P. 12(e). Should the complaint continue to lack clarity, "the court may strike the pleading." *Id.*

### III. Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). This standard is not akin to a probability requirement, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments,

undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted); *see also Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, pro se pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

## DISCUSSION

### I. Subject Matter Jurisdiction

In their MTD 2, Nationstar and Fannie Mae first allege that Mr. White lacks standing to bring this case because he never assumed the loan. MTD 2 at 4. They argue that

> [b]ecause Plaintiff did not assume the Loan, Plaintiff is a stranger to any contract between Defendants and Borrower and cannot insert himself into an argument regarding Defendants' obligations related to the Loan, Defendants' representations as to the amount owed on the Loan, and the foreclosure of the Subject Property, and Plaintiff lacks any title to the Subject Property that could be slandered.

*Id.* This challenge "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039.

If Mr. White had assumed the loan, he would have subsequently become a party to the deed at issue, and have an ownership interest in the property. He would therefore be eligible to bring a lawsuit under diversity jurisdiction against the defendants for the causes alleged in this case. But he did not assume the loan. Although it is unclear from the language of the complaint whether Mr. White definitively claims to have assumed the loan, because this is a factual

7

challenge pursuant to Rule 12(b)(1), I "need not presume the truthfulness of the plaintiff's allegations." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (citations omitted). Instead, I "may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (citations omitted).

Nationstar and Fannie Mae have provided evidence "beyond the complaint" for my review. *Id.*; *see* RJN 1, Exhs. 1–7. Their seven exhibits consist of: (1) a deed of trust signed by Gordon W. White on January 27, 2004 in which he secured a $90,000 loan against the property; (2) the assignment of that deed of trust by MERS to Chase Bank on December 23, 2013; (3) the further assignment of that deed of trust to Nationstar on February 22, 2023; (4) the substitution of AWLS as trustee on April 4, 2024; (5) a notice of default and election to sell dated April 9, 2024; (6) a notice of trustee sale of the property filed August 19, 2024, noting the date of auction as September 24, 2024; and (7) the trustee's deed upon sale following the auction, dated October 24, 2024. RJN 1; *see also* RJN 2 (same). Neither Mr. Timothy White's name nor his signature appear on any document included in the exhibits.

"Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cnty.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). As I have previously mentioned, Mr. White failed to respond to any of the motions to dismiss the SAC. He therefore did not "furnish affidavits or other evidence necessary to satisfy [his] burden of establishing subject matter jurisdiction."[5] *Id.*

---

[5] That Mr. White alleged that he received Letters of Administration for Gordon White's estate is of no import. SAC ¶ 22. Acting as administrator of an estate does not amount to assuming any loans previously held by the deceased, as Mr. White acknowledges. *See* SAC ¶ 32.

Because he has not met his burden to oppose Nationstar and Fannie Mae's 12(b)(1) challenge, his complaint necessarily fails.

For that reason, Nationstar and Fannie Mae's motion to dismiss is GRANTED.

## II.     Sufficiency of the Pleadings

Even if Mr. White had adequately alleged standing, or, assuming that he would have the ability to do so should I provide him an extended opportunity to respond to the motions to dismiss, his SAC is insufficient to proceed. I previously granted defendants' motion to dismiss Mr. White's complaint and first amended complaint on the grounds that his pleadings were insufficient pursuant to Rule 8 and Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Dkt. No. 18. Chase Bank and MERS again raise a Rule 8 challenge, and all defendants move to dismiss on Rule 12(b)(6) grounds.

I briefly address Chase Bank and MERS' Rule 8 arguments, and DENY MTD 1 on those grounds. Chase Bank and MERS contend that Mr. White's SAC "is unintelligible because it does not provide [them] with fair notice of the claims against them and continues to preclude them from formulating a proper response." MTD 1 at 12. Further, they contend that Mr. White continues to "improperly lump together all Defendants," in contravention of my previous order instructing him to refer to defendants separately. *Id.* I disagree with both arguments. Mr. White's SAC is much clearer than previous iterations as far as providing a concise explanation of the series of events that led to the eventual foreclosure of the property. The SAC explains the back and forth between Mr. White and Chase Bank that appears to be the root cause of Mr. White's lawsuit. *See* SAC ¶¶ 5–104. And, throughout the causes of action, Mr. White refers to specific defendants within each cause. *See* SAC ¶¶ 105–180. To the extent that Mr. White refers to "defendants" generally, I read those instances in reference to the defendants already named in that count. *See, e.g.*, SAC ¶ 135 (stating that "Defendants engaged in unfair practices" after specifically naming Nationstar and AWLS as those defendants allegedly in violation of the Fair Debt Collection Practices Act). I

9

therefore deny Chase Bank and MERS' MTD 1 on those grounds.

More to the point are defendants' arguments that Mr. White fails to meet his burden under Rule 12(b)(6). Each motion to dismiss reviews Mr. White's causes of action for deficiencies. *See* MTD 1 at 13–22, MTD 2 at 5–15; MTD 3 at 4–6. None of his claims are plausible.

### A. Count One – Wrongful Foreclosure

Mr. White first alleges a count of wrongful foreclosure against AWLS and Nationstar. SAC ¶ 105–116. He correctly notes that to state a cause of action for wrongful foreclosure, he must allege that "(1) defendants caused an illegal, fraudulent, or willfully oppressive sale of the property pursuant to a power of sale in a mortgage or deed of trust; (2) the mortgagor or trustor suffered prejudice or harm; and (3) the mortgagor or trustor tendered the amount of the secured indebtedness or w[as] excused from tendering." *Chavez v. Indymac Mortg. Servs.*, 219 Cal. App. 4th 1052, 1062 (2013); SAC ¶ 107. But because he has not opposed defendants' assertions that he was never a "mortgagor or trustor," he cannot meet the second prong of this test. For that reason alone, he cannot state a claim for wrongful foreclosure.

In addition, Mr. White admits that he did not "tender[] the amount of the secured indebtedness." *Indymac Mortg. Servs.*, 219 Cal. App. 4th at 1062; SAC ¶ 65 ("Plaintiff's last payment was for August 2022. The principal balance was $37,073."). There are exceptions to the tender rule (that "the underlying debt is void" and that "the foreclosure sale or trustee's deed is void on its face"). *See Indymac Mortg. Servs.*, 219 Cal. App. 4th at 1062. But Mr. White has not alleged any facts to demonstrate that his claim that the loan was void is plausible on its face. *See Iqbal*, 556 U.S. at 678. He contends instead that his tender of the loan amount is excused "because the amount demanded . . . was incorrect, inflated by improper fees and charges, and because the Defendants did not have the legal authority to demand payment." SAC ¶ 113.

Based on all the facts that Mr. White has alleged, AWLS and Nationstar acted within the scope of their duties as trustees of the loan at issue. He asks that I make "unreasonable

10

inferences" to find this claim plausibly alleged against those defendants. *In re Gilead*, 536 F.3d at 1055. I decline to do so. Count One of Mr. White's SAC is DISMISSED.

### B. Count Two – Breach of Contract

To state a claim for a breach of contract, a plaintiff must assert "(1) the existence of the contract; (2) performance by the plaintiff or excuse for nonperformance; (3) breach by the defendant; and (4) damages." *McNeary-Calloway v. JP Morgan Chase Bank, N.A.*, 863 F. Supp. 2d 928, 954 (N.D. Cal. 2012) *superseded by statute* on other grounds, National Flood Insurance Act § 4012a(e)(2), *as recognized in Cannon v. Wells Fargo Bank. N.A.*, No. C-12-1376 EMC, 2013 WL 3388222 (N.D. Cal. July 5, 2013). Mr. White alleges a cause of action for breach of contract against Chase Bank, Nationstar, MERS, and Fannie Mae. SAC ¶¶ 117–126.[6] But he never alleges that he is in contract with Chase Bank, Nationstar, MERS, or Fannie Mae. SAC ¶ 118 ("A valid contract existed between Plaintiff *father* [sic] and Defendants . . .") (emphasis added). And, related to his failure to adequately allege an excuse from tender in Count One, he never asserts that he performed with respect to any contract. I DISMISS Count Two of Mr. White's SAC.

### C. Count Three – Violation of the Fair Debt Collection Practices Act

Mr. White's third cause of action for violation of the Fair Debt Collection Practices Act ("FDCPA") is against AWLS and Nationstar. SAC ¶¶ 127–138. The FDCPA prohibits "debt collectors from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995) (cleaned up). As a threshold matter, any defendant held liable under the FDCPA must be a debt collector within the meaning of the Act.

It is well settled that this definition of debt collector "does not include the consumer's

---

[6] This is his only cause of action against Fannie Mae. *See* SAC ¶ 119.

creditors, a mortgage servicing company, or any assignee of the debt." *Lal v. Am. Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010) (citation omitted). Further, "[a]cts of foreclosing on a property pursuant to a deed of trust are not 'debt collection' within the meaning of the FDCPA." *Woodruff v. Mason McDuffie Mortg. Corp.*, No. 19-CV-04300-WHO, 2020 WL 5210920 at *7 (N.D. Cal. Sept. 1, 2020). Mr. White alleges that Nationstar was a "debt collector[]" because it "regularly collect[s] or attempt[s] to collect, consumer debts owed or due another." SAC ¶ 129. He makes no such allegation about AWLS. And, Nationstar is a mortgage servicing company. Both are exempt from the definition of "debt collector" in the sense contemplated by the FDCPA. Because Mr. White does not allege underlying facts that could give rise to a violation of the FDCPA, this claim also fails. I DISMISS Count Three of the SAC.

### D. Count Four – Violation of the Rosenthal Fair Debt Collection Practices Act

Mr. White next alleges a cause of action for violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") against Nationstar. "A claim under the RFDCPA . . . 'mimics' the requirements of the FDCPA." *Ellis v. Phillips & Cohen Assocs., Ltd.*, No. 14-CV-05539-EJD, 2016 WL 3566981 at *3 (N.D. Cal. June 30, 2016). For the same reasons that Mr. White's third cause of action fails, so does his fourth. I DISMISS Count Four of the SAC.

### E. Count Five – Emotional Distress

The SAC's fifth count against Chase, AWLS, and Nationstar is simply labeled "emotional distress." SAC ¶¶ 147–154. Given that Mr. White alleges that defendants' actions constituted "extreme and outrageous conduct . . . intended to cause . . . emotional distress," I construe the claim as being a claim for intentional infliction of emotional distress ("IIED"). SAC ¶ 148. To allege a cause of action for IIED, a plaintiff must allege: "(1) extreme and outrageous conduct with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Mintz v.*

*Blue Cross of California*, 172 Cal. App. 4th 1594, 1607 (2009).  "Conduct to be outrageous must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Yurick v. Superior Ct.*, 209 Cal. App. 3d 1116, 1123 (1989) (citation omitted).  And, the level of suffering must include "emotional distress of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it."  *Wong v. Jing*, 189 Cal. App. 4th 1354, 1376 (2010) (citation omitted).

Mr. White has not alleged any unlawful conduct by the defendants, let alone extreme and outrageous conduct.  I do not doubt the difficult impact of the foreclosure on Mr. White, but the distress caused by losing the home he had lived in for decades does not mean the defendants acted unlawfully, in an extreme and outrageous manner.  *See Ross v. Creel Printing & Publ'ing*, 100 Cal. App. 4th 736, 745 (2002) (holding that "the [lawful] attempted collection of a debt by its very nature often causes the debtor to suffer emotional distress" and that "[s]uch conduct is only outrageous if it goes beyond all reasonable bounds of decency." (cleaned up)).  That is particularly true in a case where Mr. White was not on title to the property and had no agreement with any defendant.

### F.  Count Six – Misrepresentation or Deceptive Practices

Mr. White brings a sixth cause of action for misrepresentation or deceptive practices against Chase, Nationstar, and MERS.  SAC ¶¶ 155–164.  I again construe his claim broadly to understand that he alleges a claim for intentional misrepresentation against those defendants.  To sufficiently plead a claim for intentional misrepresentation, a plaintiff must allege "(1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or 'scienter'); (3) intent to defraud, (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage."  *Lazar v. Superior Ct.*, 12 Cal. 4th 631, 638 (1996).  Fraud allegations require a heighted pleading standard, pursuant to Federal Rule of Civil Procedure 9(b), which requires that a plaintiff must plead "every element of the fraud . . . with particularity and the claim cannot be

salvaged by references to the general policy favoring the liberal construction of pleadings," even considering Mr. White's pro se status. *Goldrich v. Nat. Y Surgical Specialties, Inc.*, 25 Cal. App. 4th 772, 782 (1994).

Mr. White has not alleged any misrepresentation, let alone the heightened requirement here. Instead of pleading the "who, what, when, where, and how of the misconduct charged," he simply claims that defendants MERS, Chase Bank, and Nationstar "misrepresented the status and validity of the mortgage servicing rights and the proper chain of title." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009); SAC ¶ 157. There are no facts to support that conclusory allegation. Accordingly, I DISMISS count eight of the SAC.

### G. Count Seven – Slander of Title

Mr. White's seventh cause of action for slander of title is against Chase Bank, Nationstar, and MERS. SAC ¶¶ 165–171. To state a claim for slander of title, a plaintiff must establish: "(1) publication; (2) falsity; (3) absence of privilege; and (4) disparagement of another's land which is relied upon by a third party and which results in a pecuniary loss." *Ruiz v. SunTrust Mortg., Inc.*, No. CV F 12-0878 LJO, 2012 WL 3028001 at *13 (E.D. Cal. July 24, 2012) (citations omitted).[7] Mr. White contends that defendants published a "false statement concerning [his] title to the property" when they "recorded or caused to be recorded in the public record, documents that inaccurately described the ownership or status of the property, thereby communicating these inaccuracies to third parties who rely on such records for determining the state of title." SAC ¶ 167. But at no point in the SAC does Mr. White allege that he ever took title to the property at

---

[7] *See also* The Restatement of Torts, § 624, describing "Disparagement of Property—Slander of Title" as the following:
> The rules on liability for the publication of an injurious falsehood . . . apply to the publication of a false statement disparaging another's property rights in land, chattels or intangible things, that the publisher should recognize as likely to result in pecuniary harm to the other through the conduct of third persons in respect to the other's interests in the property.

14

issue. He cannot claim that any public recording of the title without his name on it constitutes slander. Count Seven is DISMISSED.

### H. Count Eight – Conversion

Finally, Mr. White alleges a claim of conversion against Chase, AWLS, and Nationstar, based on his alleged rights to the property. SAC ¶¶ 172–180. But "the tort of conversion applies to personal property, not real property." *Richards v. Bank of Am., N.A.*, No. 10-CV-01163-CW, 2010 WL 3222151 at *4 (N.D. Cal. Aug. 13, 2010). Mr. White's last cause of action is finally DISMISSED for failure to state a claim.

### III. Failure to Prosecute

Mr. White failed to respond to the defendants' motions and failed to appear at the hearing. In addition to the reasons described above, and because I have previously filed an order to show cause for his failure to prosecute, the case will also be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

### CONCLUSION

The documents of which I took judicial notice make clear that the defects in Mr. White's pleadings cannot be corrected on amendment. The motions to dismiss are GRANTED and the second amended complaint is DISMISSED WITH PREJUDICE. Judgment shall be entered in accordance with this Order.

**IT IS SO ORDERED.**

Dated: May 8, 2025



William H. Orrick
United States District Judge

15